## Collins *versus* The Society for Relief of Distressed and Decayed Pilots, &c.

1. The Act of March 24th 1851, provides that a vessel licensed to coast not taking a pilot shall pay *half pilotage* and one not licensed full pilotage:— " and all half pilotage, forfeitures and penalties in nature thereof, accruing by virtue of this act * * * shall be recovered in the name and for the use of the society," for relief of pilots, &c. *Held*, that a forfeiture of *full pilotage* was for the use of the society.

2. The appropriation of the penalty is not part of the penal provision and is to be construed reasonably to ascertain the intent of the legislature.

3. The penalty not being a tax, its appropriation to a private corporation is not unconstitutional.

4. Imposing full pilotage on vessels in foreign commerce and half pilotage on coasting vessels is not in conflict with sect. 10 of art. 1 of United States Constitution.

5. Association *v.* Wood, 3 Wright 73, distinguished; Cooley *v.* Wardens, 12 Howard 299, followed.

February 21st 1873.    Before READ, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ.    AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia:* No. 78, to July Term 1871.

This was an action of debt, commenced November 30th 1870, by " The Society for the relief of distressed and decayed Pilots, their widows and children," against Walter Collins.

It was brought under the 5th and 6th sections of the Act of March 24th 1851, Pamph. L. 229, 2 Br. Purd. 1316, 1317, pl. 28, 29.    The sections are as follows:—

" Sect. 5. That every vessel arriving from or bound to any foreign port or place, and every other vessel of the burthen of one hundred tons or upwards, sailing from or bound to any port not within the river Delaware (except licensed coasting-vessels sailing from this port), shall be obliged to take a pilot; * * * And if the master of any such vessel, being licensed as a coasting-vessel, and of the burthen of one hundred tons or more, shall refuse or neglect to take a pilot, the master, owner or consignee of such vessel shall forfeit and pay the sum equal to half pilotage of such vessel; and if such vessel be not licensed as aforesaid, then and in such case the master, owner or consignee thereof shall forfeit and pay the full pilotage thereof: Provided always, That whenever it shall appear to the wardens that in the case of an inward-bound vessel, should a pilot not offer before such vessel reached the Brandywine light-house, bearing east, * * * the penalty aforesaid for not having a pilot shall not be incurred.

" Sect. 6. That all sums due for pilotage, half pilotage, and all other claims and penalties, in the nature or in lieu thereof, shall, as they accrue, become and remain a lien upon the vessel chargeable therewith, her tackle, apparel and furniture, until they are

[Collins *v.* Relief Society.]

paid; and for the recovery thereof, in addition to the remedies now provided (and which shall remain as heretofore), such process and proceedings shall issue and be had in the Court of Common Pleas of Philadelphia county, or in any court possessing admiralty jurisdiction, as are usually had in courts of admiralty for the recovery of seamen's wages; and all half pilotage, forfeitures, and penalties in the nature thereof, accruing by virtue of this act, and all other debts, claims and demands, to which the society for the relief of distressed and decayed pilots, their widows and children, are legally or equitably entitled to under any law whatever, shall be recovered in the name and for the use of the said society, to whom, or to whose agent duly constituted, the same shall be paid."

The declaration was :—

That the defendant was the master of a certain brig or vessel then named the " Henry Virden," not then licensed as a coasting-vessel, and being of more than one hundred tons burthen; and the said brig, while the defendant was the master thereof, as aforesaid, arrived at the port of Philadelpia, sailing from a port not within the river Delaware, the said brig thus drawing eight feet of water, and the plaintiffs aver that although a duly qualified and licensed pilot offered before the said vessel reached the Brandywine light-house, bearing east, yet the said defendant, as master aforesaid, neglected to take a pilot for the said brig, contrary to the Act of the General Assembly in such case made and provided; whereby, and by force of the said statute, an action hath accrued to the plaintiffs to demand and have of and from the said defendant, as master aforesaid, the sum of $29.92, being the full pilotage of the said brig.

The defendant pleaded "*nil debet*," and also a special plea, viz. :—

That after the said duly qualified and licensed pilot offered before the said defendant's vessel reached the Brandywine light-house, bearing east, and the defendant neglected to take a pilot for the said vessel as in said declaration mentioned, and before the commencement of this suit, to wit, on the 4th day of August, A. D. 1870, the said defendant paid the said full pilotage of $29.92 to. Henry F. Virden, a duly qualified and licensed pilot.

The plaintiffs demurred to the special plea: the court sustained the demurrer and entered judgment for the plaintiffs.

The defendant removed the record to the Supreme Court and there assigned for error the entering of judgment for the plaintiffs.

*E. H. Weil* (with whom was *J. W. Coulston*), for plaintiffs in error.—It is only where the penalty is of *half pilotage* that it is for the benefit of the plaintiffs. This being a statute regulating trade, and penal, must be construed strictly: Dwarris on Stat. 736; Mayor *v.* Davis, 6 W. & S. 276; Aechternacht *v.* Watmough,

[Collins *v.* Relief Society.]

8 Id. 165; and cannot be extended by construction: Fletcher *v.* Sondes, 3 Bingham 580; it is in derogation of common right: McMullin *v.* McCreary, 4 P. F. Smith 230; Esterly's Appeal, Id. 195; Smith *v.* Spooner, 3 Pick. 229; Hubbard *v.* Johnstone, 3 Taunton 177; Sewall *v.* Jones, 9 Pick. 412. The act is against the Constitution of Pennsylvania, imposing a duty on an individual for the benefit of a private corporation: Philadelphia Association *v.* Wood, 3 Wright 73.

· It is in conflict with the Constitution of the United States, Art. I., sect. 10, which prohibits states from laying imposts or duties on imports or exports: Brown *v.* Maryland, 12 Wheaton 419; Almy *v.* California, 24 Howard 169.

*A. D. Campbell*, for defendants in error.—In construing a statute, its intent is to be regarded: Dwarris on Statutes 246, 247.'

Compulsory pilotage laws are necessary in all commercial nations: New York *v.* Miln, 11 Peters 102; Cooley *v.* Board of Wardens, 12 Howard 299, and cases there cited in argument for defendants in error. The law does not conflict with the Constitution of the United States: Cooley *v.* Board of Wardens, *supra*. Ex parte McNiel, 13 Wallace 236; Gibbons *v.* Ogden, 9 Wheaton 1; Passenger Cases, 7 Howard 283; License Cases, 5 Id. 504; Flanigen *v.* Insurance Co., 7 Barr 306; Craig *v.* Kline, 15 P. F. Smith 399; Crandall *v.* Nevada, 6 Wallace 35; The China, 7 Id. 53.

The opinion of the court was delivered, March 6th 1873, by

SHARSWOOD, J.—Three contentions have been made in this case, which it will be necessary to consider, but they can be disposed of briefly.

The first is that the plaintiffs below were not entitled, upon the true construction of the sixth section of the Act of March 24th 1851, Pamph. L. 229, to recover the penalty of full pilotage demanded in their declaration. The established canon of interpretation, that penal statutes must receive a strict construction, has been invoked in support of the argument. It is not pretended, however, that the penalty was not incurred, applying to the act the most rigid rule. "If such vessel be not licensed as aforesaid, then and in such case the master, owner or consignee thereof shall forfeit and pay the full pilotage thereof." The subsequent clause appropriating the amount of the penalty to the pilot society is no part of the penal provision, and is to be construed fairly and reasonably to ascertain the intention of the lawmakers just like any other statute. It mattered not to the offender—formed no part of what it was necessary for him to read and understand, in order to avoid the infraction of the law—to whom the legislature might choose to give it. We have no doubt whatever, that

[Collins *v.* Relief Society.]

all the forfeiture accruing by virtue of the act, including the full pilotage in question, were intended to be granted to the plaintiffs below.

The second position of the plaintiffs in error is that this grant is contrary to the Constitution of this Commonwealth, and for this he relies upon the case of the Philadelphia Association *v.* Wood, 3 Wright 73. But the principle of that decision is entirely inapplicable here. It was there held that a tax upon a class of persons, such as two per cent. of their gross receipts, upon all agencies of foreign insurance companies in the city of Philadelphia, could not be appropriated by law before it reached the treasury of the state, to a corporation or an individual. But this penalty is in no sense a tax, and has no similitude to one. To say that the legislature could not appropriate it as they pleased, to the person grieved, the pilot whose services were refused, to an informer or to a charity, would be to contradict the uniform legislation of the state. The statute book is filled with such grants of penalties—one great object of it undoubtedly being to secure better the enforcement of the law, by making it the interest of private persons or corporations to prosecute offenders.

The third contention is, that the act inasmuch as it imposes full pilotage upon registered vessels which are mostly engaged in foreign commerce, and only half pilotage upon licensed or coasting vessels, is an infringement of sect. 10, par. 2 of art. 1 of the Constitution of the United States, which declares that "no state shall, without the consent of Congress, lay any imposts, or duties on imports or exports except what may be absolutely necessary for executing its inspection laws."

There might be devised, no doubt, a system of pilotage fees and penalties, which would be obviously intended to evade this inhibition, and would, therefore, be invalid, but that can no more be said of the Act of 1851 than it could of the Act of March 29th 1803, Pamph. L. 560. It is decided by the Supreme Court of the United States in Cooley *v.* The Board of Wardens, 12 How. 299, in affirming the constitutionality of the Act of 1803, that the states have power to pass pilotage laws, to license pilots to regulate their compensation, and to enforce their laws by appropriate penalties. They may discriminate between the different kinds of vessels, according to their size and character, requiring heavier fees and putting severer penalties upon some than others. If the fees are not an impost or duty, certainly the penalty is not. It is a substitute for the fees which ought to have been paid. In the case of small vessels there is less at risk, and they can be more easily navigated by an ordinary seaman. But it matters not what the reason for the discrimination was, it was in the discretion of the legislature. "The purpose of the law," said Mr. Justice Curtis in delivering the opinion of the court in the case cited, "being

[Collins *v.* Relief Society.]

to cause masters of such vessels as generally need a pilot, to employ one, and to secure to the pilot a fair remuneration for cruising in search of vessels or waiting for employment in port, there is an obvious propriety in having reference to the number, size and nature of employment of vessels frequenting the port; and it will be found by an examination of the different systems of these regulations which have from time to time been made in this and other countries, that the legislative discretion has been constantly exercised in making discriminations, founded on differences both in the character of the trade and the tonnage of vessels engaged therein."

Judgment affirmed.