## Central Railroad Company of New Jersey *versus* Green.

1. The penalty prescribed by the Act of March 22d 1867, relating to the exclusion of colored persons from the cars of railroad companies, is given by way of punishment to the offender rather than by way of compensation to the party aggrieved, and where, therefore, several persons are aggrieved by the commission of a single offence, a recovery by one is a bar to recovery by the rest.

2. G. and his wife, who were colored persons, were excluded from the car of a railroad company at the same time and by the same employee. *Held*, that the exclusion of the two was but a single offence, and a recovery having been had by G. and his wife in the right of the wife, G. could not recover thereafter in his own right.

3. Hill *v.* Williams, 14 S. & R. 287, followed.

March 15th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Luzerne county :* Of January Term 1876, No. 35.

Debt by John W. Green to recover the $500 penalty under the provisions of the Act of March 22d 1867, as set forth in the preceding case. This action was brought by Green alone, the evidence of exclusion being in substance what was produced in the foregoing case, wherein he was a co-plaintiff with his wife.

The only question in the case was that raised by the following points of defendant and the answers of the court, Harding, P. J., thereto :—

1. That under the Act of Assembly of 22d March 1867, but one recovery can be had of $500, penal sum, for a single act of excluding one or more persons from the car of a corporation, and where such exclusion is jointly of several persons, the person aggrieved within the meaning of the statute, is that one among the persons jointly excluded, who shall first sue for the $500 imposed by the statute.

2. As it appears from the evidence in this case, a recovery has already been had in this court by present plaintiff and his wife, in right of said wife, against the company, defendants, for the $500 penalty, no further or other recovery of another penalty by the husband alone, can be had.

The answer of the court was as follows :—

"I must negative these points. Considering, in the first place, the exclusion of this plaintiff and his wife from the car in question as a tort, manifestly a recovery could be had for any particular injury sustained by either. To illustrate: Had a gun loaded with shot been fired at them by a bystander, some of the pellets taking effect in one and some in the other—in that case two actions could certainly be maintained. Again, considering their exclusion as an act for which the law prescribes a penalty, the rule as to recovering the penalty would be the same as that applicable to other statutes

[Central Railroad Co. *v.* Green.]

imposing penalties.   For instance, a child may give· notice to the vender of intoxicating liquors not to sell to the father and mother, both of whom are habituated to drinking to excess; but the vender, nevertheless, makes the sale, and the father and mother drink and die as a consequence.   Can but one penalty be recovered? Shall the child, after recovering for the injury sustained by the loss of the father, be denied his action for the greater injury, perhaps, occasioned by the loss of his mother?"

The verdict was for plaintiff, and the defendants assigned for error the foregoing answers of the court to their points.

*Stanley Woodward*, for plaintiff in error.—Our contention is that a single offence under the first section of this act, is committed by the exclusion, refusal to carry, or compulsory placing of one or more persons, at one time, on account of color or race, and that of necessary consequence, but one penalty can be recovered therefor. The words which define the offence can have no other construction than this, if strictly construed; for they declare very plainly that the new offence may be an act committed against one person, or committed against more persons than one, taken collectively—a singular and a plural word being both used, and used disjunctively. The offence is to consist of an act which may be directed against several persons at once as well as one person, and nothing in the language indicates a generic definition inclusive of as many specific offences as there are persons aggrieved.   The word "persons" in this case is plainly a collective term, pure and simple; if it were not so the word "person" which precedes it would disappear from the statute, or remain there useless and impertinent.

The whole statute is to be considered: Holl *v.* Deshler, 71 Penn. St. 301.   Being strongly penal throughout, it is not to be strained beyond its letter, and "nothing is to be taken against the party charged by intendment:" Bartolett *v.* Achey, 2 Wright 273; Jones *v.* Estis, 2 Johns. 380.

The following decisions were upon penal statutes, and similar to the act of 1867 in the words used to define an offence, and fix the right of an aggrieved party to recover a penalty for its commission: Hill *v.* Williams, 14 S. & R. 287; Commonwealth *v.* Borden, 11 P. F. Smith 272; Hardyman *v.* Whittaker, 2 East 573 n.; The King *v.* Bleasdale, 4 Term Rep. 809; Pike *v.* Madbury, 12 N. H. 262; Beadleston *v.* Sprague, 6 Johns. 101.

The argument for a single penalty, is presented with peculiar force by the present case, where a colored man sets up a refusal by· a brakeman, to admit him, with his wife, to a particular car. There is no proof that the wife acted independently of her husband, or asserted any separate right of her own.   If he and his wife had had several children with them, could he recover penalties for each? Suppose a conductor upon a train, should remove a family of

[Central Railroad Co. *v.* Green.]

colored persons from one part of a car to another, would the corporation thereby incur a penalty to each member of the family, including infants of tender years?

*Wm. H. McCartney*, for defendant in error.—The law prohibits the exclusion of colored persons by reason of their color, and gives the right of action to the person aggrieved. How aggrieved? "Thereby" aggrieved. That is to say, by the prohibited exclusion. One hundred are excluded, and one hundred are "thereby" aggrieved. Yet, ninety-nine have no right of action. The fallacy of the argument that reaches such a conclusion, begins with the first point of the plaintiff in error, wherein, it is assumed, that the exclusion of two persons was a "single act," and that this corporation is not liable to the two persons aggrieved by that "single act."

But, if one by a single cast throws poison into the wells of two of his neighbors, he must answer to both well owners therefor. Not for a specific sum, to be sure; but for proven damages. And the poisoner cannot answer to the suit of one well owner, that he has become liable to pay damages to the other. The doctrine of strict construction is undoubtedly applicable to actions of this character. But, quoting that part of Judge THOMPSON'S decision in Bartolett *v.* Achey, 2 Wright 277, which the plaintiff in error omits, "strict construction is not the same thing as construing everything to defeat the action." Again, the first point of the plaintiff in error assumes that the exclusion of John W. and Martha Green was a joint act; and that John, or Martha, is the person aggrieved, just as the one, or the other, happens to sue first for the penalty. In other words, the liability of this corporation for a violation of the law depends not on its own acts, but on the course pursued by the persons affected by its criminality. The words "person or persons," used in this act, apply to the party aggrieved, not to the offender. As to this corporation, the exclusion, was physically, perhaps, only a "single act." But as to John W. Green and Martha Green it was dual in its consequences, operations and effects; was a violation of the rights of both, and gave rise to liabilities to both.

Mr. Justice PAXSON delivered the opinion of the court, March 25th 1878.

The plaintiff below brought an action of debt to recover the penalty of $500 under the first section of the Act of 22d March 1867, Pamph. L. 38, for excluding him from a particular car of the defendant corporation. It was alleged by the plaintiff, that himself and wife were prevented from entering one of the passenger cars of the defendant, at Wilkesbarre, on the 26th of December 1873, by one of the employees of the company, and compelled to take another passenger car of the same train in order to proceed to their home,

[Central Railroad Co. *v.* Green.]

a distance of two miles.   There was neither allegation nor proof that the car they were compelled to enter was inferior in any respect to the one from which they were excluded, nor that it was a car set apart for colored people.   It was contended, however, that they were not allowed to enter the particular car by reason of their color, and the jury have established this fact by their verdict.   The case comes up to us upon the single question whether a former verdict and judgment in a suit brought by the plaintiff and his wife, in right of the wife, for the same act of exclusion, is a bar to this suit.   The court below held that the former recovery was not a bar, upon the principle that the act of the company's employee in refusing to allow the plaintiff and his wife to enter a particular car was in the nature of a tort, and that either or both could recover for an injury resulting therefrom.

If this were an action to recover damages resulting from personal injuries, occasioned by the act of the company's servant, the reasoning of the learned judge would not be inaccurate.   In such case a verdict in favor of the wife for injuries sustained by her, would be no answer to a suit by the husband for injuries sustained by him.   It was not an action for damages at all.   It is not even contended that any damages were sustained.   The action is for the penalty imposed by the legislature upon railroad companies, who should compel colored persons to ride in a particular car.   The object of the act was to punish such corporations for making such distinction.   The exclusion of the plaintiff and his wife, was a single act, done at the same time and by the same person.   To punish the company twice for the same act, would be unreasonable, and against the spirit and meaning of the Act of Assembly.   This is plain from an examination of the second section, which provides : "That any agent, conductor or employee, of any railroad or railway corporation within this Commonwealth, who shall exclude, allow to be excluded, or assist in the exclusion from any of their cars set apart for the accommodation of passengers, any person or persons, on account of color or race, or who shall refuse to carry such person or persons on account of color or race, or who shall throw any car or cars from the track, thereby preventing persons from riding, shall be deemed guilty of a misdemeanor," &c.   Thus we have two sections relating to this subject, the first imposing a penalty of $500 upon any company which shall exclude any person or persons by reason of color or race from any particular car, or which shall allow it to be done by any agent, conductor or employee, and the second punishing by fine and imprisonment, any agent, conductor or employee who shall be guilty of such act.   It certainly could not be seriously contended that the employee by whom the plaintiff and his wife were excluded, could be twice prosecuted and convicted under the second section.   It was a single act, and when once punished according to law, he could not be punished again.

[Central Railroad Co. *v.* Green.]

So under the first section, the company, after having once paid the penalty for their unlawful act, cannot be called upon to pay it again. And this because the penalty is given by way of punishment to the offender, rather than by way of compensation to the party aggrieved. For any injury he may have sustained he would have his right of action independent of the penalty, and I do not see that he would be bound thereby. The fact that several persons may be aggrieved by the commission of a single offence, affords no ground to justify an inference that each may have his suit for the penalty imposed upon its commission, where the plain object of the law is to punish or repress a public wrong rather than to compensate a private injury. The penalty imposed by the act is so disproportioned to any supposable injury in any ordinary case that we are bound to presume it was intended as a police regulation for the management of railroads, and to have been induced from motives of public policy. Indeed this clearly appears from the title of said act, which describes it as " an act making it an offence for railroad corporations within this Commonwealth, to make any distinction with their passengers on account of race or color, and punishing said corporations, and their agents and employees, for the commission of such offence." We cannot give a loose construction to an act so severely penal as this. Had the legislature intended to give an action to each person aggrieved by a single act of an employee of the company, it would probably have used appropriate language to express such intent, and said any, or each, or every person aggrieved, shall have his, her or their action, &c.. On the contrary, we have an offence defined, which by the terms of the act, may be committed against one or several persons, and an action of debt for the penalty given, to " the *person* thereby injured or aggrieved." Again, the statute gives but $500 for the exclusion of any person or persons from the car. How then can it be possible for a single act to recover a double penalty? I do not think it necessary in so plain a case to encumber this opinion with any extended citation of authority, especially in view of the fact that it must be decided to a great extent upon the proper meaning and construction of the Act of Assembly. Yet the case of Hill *v.* Wllliams, 14 S. & R. 287, is so like this in principle that a brief reference to it may not be unprofitable. There the action was against a justice of the peace to recover the penalty of fifty pounds under the Act of 14th of February 1729–30 (1 Sm. Laws 180), to prevent clandestine marriages. Both of the parties joined in marriage by the justice were minors. The father of the female infant brought his action under the statute and recovered. Subsequently the father of the male infant brought a similar suit against the justice, and it was held that but one penalty could be recovered, and that the first judgment was a bar to the second suit. It was said by TILGHMAN, C J., in delivering the opinion of the court: " The object of the

[Central Railroad Co. *v.* Green.]

law was not so much to make a compensation to the injured parents (for in many cases fifty pounds would be no compensation), as to deter all persons from being accessory to these clandestine marriages. For this purpose a certain penalty was thought to be the best remedy, and a penalty in money being inflicted, no person was so proper to receive it as the party grieved, if he thought it advisable to sue for it. But, if he declined suing for the penalty, I see nothing to hinder him from suing for damages under the original act. Penal laws should be held to a strict construction, and it would certainly require very clear expressions to double the penalty: The argument in favor of a double penalty is founded in the expressions in the second section, "he shall forfeit the sum of fifty pounds, to be recovered by the person or persons grieved." But what is to be recovered? The sum of fifty pounds and no more, for no other sum is mentioned. The word "persons" is often applicable to one party. For instance, a minor may have several guardians or several masters who are in partnership. In such cases all the guardians or both the masters may bring suit as one party. But if the word "persons" is applied to a case like the present, where the parents of both man and woman are grieved by the marriage, it is much more reasonable to say that both may join in the action and share the penalty, than that the justice shall pay one hundred pounds, when the law has said that he shall pay fifty pounds." The inclination of the courts against multiplying penalties is strong: Commonwealth *v.* Borden, 11 P. F. Smith 272; Hardymann *v.* Whitaker, 2 East 573; The King *v.* Bleasdale, 4 Term Rep. 809; Pike *v.* Madbury, 12 N. H. 262; Beadleston *v.* Sprague, 6 Johns. 101. We need not pursue the subject further. We are of opinion that it was error to decline to affirm the first and second points of the defendants. Each of said points should have been affirmed without qualification.

Judgment reversed.

GORDON, J., dissented.