# Bergner & Engel Brewing Company, Appellant, *v.* Koenig.

*Trade-marks—Penalties—Constitutional law—Due process of law—Act of June 20, 1901, P. L. 582.*

The Act of June 20, 1901, P. L. 582, for the protection of trade-marks, which gives to any person, copartnership or corporation "aggrieved in the matter" the penalty provided by section four of the act, is not unconstitutional, as depriving the defendant of his property without due process of law. The act is to protect both the owner of the trade-mark and the public, and the legislature has the right not only to enforce the penalty, but also to direct to whom it shall be paid.

Argued Oct. 20, 1905. Appeal, No. 111, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1903, No. 4,288, for defendant on demurrer in case of The Bergner and Engel Brewing Company v. Jacob Koenig. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for penalty under the trade-mark Act of June 20, 1901, P. L. 582.

Demurrer to statement.

The opinion of the Superior Court states the case.

*Error assigned* was the judgment for the defendant on the demurrer.

*John Dolman,* for appellant.—There are many precedents for penal statutes in which the fine is given to the party aggrieved, to the informer, to a beneficial or charitable organization or appropriated by the legislature to other purposes, and they have uniformly been sustained, not only in this state but in other states in England : Powell v. Com., 114 Pa. 265 ; Donahue v. Dougherty, 5 Rawle, 124; Megargell v. Hazleton Coal Co., 8 W. & S. 342 ; Evans v. Harney, 17 Pa. 460 ; Monongahela Nat. Bank v. Overholt, 96 Pa. 327 ; Central R. R. Co. v. Green, 86 Pa. 427 ; Untermeyer v. Freund, 58 Fed. Repr. 205 ; Smith v. Stewart, 55 Fed. Repr. 481 ; Hill v. Williams, 14 S. & R. 287 ; Miller v. Lockwood, 17 Pa. 248 ; Collins v.

Relief Society, 73 Pa. 194; .Porter v. Dawson Bridge Co., 157 Pa. 367; Rockwell v. Nearing, 35 N. Y. 302; Cigar Makers' International Union v. Goldberg, 61 Atl. Repr. 457 ; Missouri Pacific Ry. Co. v. Humes, 115 U. S. 512 (6 Sup. Ct. Repr. 110) ; Thompson v. Winchester, 36 Mass. 214; Schnable v. Koehler, 28 Pa. 181 ; Hutchinson v. Schimmelfeder, 40 Pa. 396 ; Whittemore v. Cutter, 1 Gallison, 429.

*Henry J. Scott*, for appellee.—The act is unconstitutional: Hendler v. Lehigh Valley R. R. Co., 209 Pa. 263 ; Coffey v. Wilson, 65 Iowa, 270 (21 N. W. Repr. 602) ; Enfield v. Blyler, 67 Iowa, 295 (25 N. W. Repr. 251).

OPINION BY HENDERSON, J., March 12, 1906:

By demurring to the declaration the defendant admits the material averments of fact therein contained. It is conceded, therefore, that the plaintiff was the owner of a trade-mark duly registered in the United States patent office and in the office of the secretary of the commonwealth and used in its business and that the defendant wrongfully and injuriously adopted an imitation thereof which he falsely represented to be the trade-mark of the plaintiff. The action is for the penalty provided by the Act of June 20, 1901, P. L. 582. It is not denied that the legislature has power to legislate upon the subject of trade-marks ; to provide for their registration and to prescribe penalties for the fraudulent use of them. The learned trial judge was of the opinion, however, that that portion of the act of 1901 which gives to any person, copartnership or corporation " aggrieved in the matter " the penalty prescribed by section 4 is unconstitutional in that it deprives the defendant of his property without due process of law. In reaching this conclusion adequate account is not taken of the object of the enactment. The proprietor of the trade-mark not only has what has been frequently called a property interest therein, but there is also a public interest out of which legislative control arises. One of the reasons for the protection of trade-marks exists in the policy of encouraging trade and manufacture and stimulating the production of commodities which are acceptable in the market. Another is the prevention of fraud upon consumers. It has long been recognized as a police power of the state to

protect its citizens from imposition in regard to the kind and quality of goods they purchase, and dealers in merchandise have a right to adopt a distinguishing mark by which their commodities may be known. Legislation of this character has been enacted by the United States and by substantially all of the states and in many instances penalties have been prescribed. Nothing but a clear violation of the constitution will justify a court in pronouncing an act of the legislature unconstitutional. What then is the defect in the legislation referred to ? Not in the imposition of a penalty; this the legislature clearly had power to do. We need not refer to the numerous statutes held to be constitutional in which similar penal provisions have been incorporated. The invalidity is said to exist in the designation of the parties authorized to sue for the penalty. Such designation is not a part of the penalty, however, but an appropriation of it when collected. The proceeding is not an action for damages. The object of the statute is to punish one who unlawfully appropriates the trade-mark of another. The owner may be indirectly interested, but the penalty inflicted is for the wrong done to the public. Numerous penal statutes are in force in which the penalty is recoverable in whole or in part by the informer or the " party aggrieved." The act of 1729 prohibiting the marriage of infants without the consent of their parents; the act of March 28, 1814, providing a penalty for taking illegal fees ; the act of March 22, 1867, prohibiting the exclusion from railroad cars of persons on account of color or race; the act of March 23, 1868, requiring railroad companies in the county of Erie to erect and maintain fences on each side of their tracks ; the Act of April 29, 1874, sec. 31 P. L. 73, prohibiting the collection of a higher rate of toll than that prescribed and the act of May 21, 1885, prohibiting the sale of oleomargarine, are examples of this class of legislation. Many of these statutes have come under review and have been sustained by the Supreme Court. In Collins v. Relief Society, 73 Pa. 194, an action to recover a penalty under the Act of March 24, 1851, P. L. 229, was sustained where the whole penalty was payable under the statute to the plaintiff. In Penna. R. R. Co. v. Riblet, 66 Pa. 164, the statute directed that the penalty imposed upon railroad companies for failure to maintain fences as provided by the act should be payable

one-half to the informer and the other half to the school dis-
tricts of the township. The plaintiff was the owner of the
land along which the fence had been erected and his right to
maintain the action was sustained irrespective of his personal
damage. In Central R. R. Co. v. Green, 86 Pa. 427, it was
held that an action could be maintained for the penalty under
the act of March 22, 1867, for excluding colored persons from
a car and in Hill v. Williams, 14 S. & R. 287, the act of Feb-
ruary 14, 1729, was considered and sustained. In Porter v.
Dawson Bridge Co., 157 Pa. 367, the person who had paid an
overcharge of toll was allowed to recover the penalty prescribed
by the act of 1874. In only one of these cases was the power
of the legislature to declare who should have the penalty im-
posed questioned. In that case, Collins v. Relief Society,
73 Pa. 194, the court said : " To say that the legislature could
not appropriate it (the penalty) as they pleased to the person
grieved, the pilot whose services were refused, to an informer,
or to a charity, would be to contradict the uniform legislation
of the state. The statute book is filled with such grants of
penalties, one great object of it undoubtedly being to secure
better the enforcement of the law by making it the interest of
private persons or corporations to prosecute offenders." To
the same effect is Missouri Pacific Ry. Co. v. Humes, 115
U. S. 512 (6 Sup. Ct. Repr. 110), where it was said : " The
power of the state to impose fines and penalties for a violation
of its statutory requirements is coeval with government; and
the mode in which they should be enforced whether at the suit
of a private party or at the suit of the public and what disposi-
tion shall be made of the amounts collected are merely matters
of legislative discretion." Men are often punished by statutes
for lawless acts by means of civil actions where the penalty
imposed is appropriated to the party injured. The validity of
the statute is not affected by the fact that there may be several
parties aggrieved. It was so in Central R. R. Co. v. Green,
86 Pa. 427, and Hill v. Williams, 14 S. & R. 287, where it was
held that the party who first sues is entitled to the penalty.
The assumption that no injury to the commonwealth arose is
not warranted by the pleadings. The legislature assumed by
its enactment that injury would arise from the fraudulent use
of a trade-mark and, therefore, prohibited it. The pleadings

establish such fraudulent use and a cause of action is shown. That the plaintiff was a party aggrieved sufficiently appears. It owned the trade-mark and was entitled to any advantages arising from the business which it had established and the reputation which the trade-mark was intended to secure. The loss of profits, resulting from diminished sales on account of the deception practiced by the defendant, would be a substantial injury and while this might be difficult of proof the plaintiff would be entitled to nominal damages, at least, in an action for an infringement. The plaintiff is authorized to maintain the action and we have no doubt that it was within the power of the legislature to direct the appropriation of the penalty prescribed by the statute.

The judgment is reversed; the demurrer overruled and judgment is now entered for the plaintiff.