# Mesta Machine Co. *v.* Dunbar Furnace Company, Appellant.

*Mechanics' liens—Constitutional law—Act of June 4, 1901, P. L. 431, Section 2—Extension of time for issuing sci. fa. on lien— New and old structures—Judgment for want of affidavit of defense.*

1. A court will not heed objections to the constitutionality of an act unless the complainant is affected by the particular feature alleged to be in conflict with the Constitution.

2. An owner has the right to have a claim, defective on its face, stricken off on motion and when a rule to strike off such claim is taken by an owner, depositions cannot be used by either side to show that the claim, though insufficient on its face, is in point of fact, valid or invalid.

3. Plaintiff filed a mechanic's lien "for the unpaid price or value of materials furnished and for work and labor done in and about the fitting up and equipment with engines, machinery, etc., of a certain building." The defendant subsequently entered into a written contract with the plaintiff stipulating that the time for issuing a sci. fa. "should be extended for the period of three years" from the date of the claim "as allowed by law." Shortly before the expiration of the three-year period defendant moved to strike off the claim and quash the sci. fa., and also to strike from the lien the charges for certain service and expense in connection with the installation of the machinery. *Held,* the lower court did not err in discharging the rules and entering judgment for plaintiff for want of an affidavit of defense.

4. In such case the court properly found that the building in which the machinery was installed and in connection with which the services for installing were incurred was a new structure, where the plaintiff's answer to the rule to strike off the claim, to which no replication or denial of any kind was entered, averred "that the......engine......was not installed in an old building as is alleged in said petition but on the contrary such engine was furnished and installed in a new building, which building was erected at the same time and coincident with the furnishing, erection and installation of said engine."

5. In such case by seeking and securing the extension of three years, the defendant waived the benefit of the alleged defects which they subsequently relied upon to strike down the claim, and were estopped to assert anything to the contrary. Such an :

agreement, postponing the scire facias until a date too late for the filing of a new claim, was an implied admission that the lien was sufficiently valid upon its face to sustain judgment.

6. Where in such case after leave granted, the plaintiff placed on record in its answer to the petition to strike off the lien averments of details the absence of which from the claim, the defendants were objecting to, but the court did not deem it necessary to formally amend the claim and this was not done, the facts were' sufficiently brought to the notice of the defendant.

Argued May 12, 1915. Appeal, No. 171, Jan. T., 1915, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1913, No. 339, for want of an affidavit of defense in case of Mesta Machine Company, a corporation, v. Dunbar Furnace Company, Owner or Reputed Owner, now in the hands of Walter C. Harris, Receiver, &c., and William Selfridge, Trustee of the Dunbar Furnace Company, Bankrupt. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Scire facias sur mechanic's lien.

Rules to strike off claim, and to quash writ of scire facias and to strike certain items from the claim.

The facts appear by the opinion of the Supreme Court.

The lower court discharged the rules and entered judgment for plaintiff for want of an affidavit of defense. Defendant appealed.

*Error assigned,* among others, was in discharging the rules and the judgment of the court.

*Edward Hopkinson, Jr.,* and *Abraham M. Beitler,* and *Johnson* and *Rush,* for appellant.

*Reed, Smith, Shaw and Beal, John J. Heard, David A. Reed,* and *Reppert, Sturgis* and *Morrow,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 3, 1915:
The plaintiff contracted directly with the defendant

company to construct, at a fixed price, a large blowing engine for the latter's blast furnaces, and to supply a superintendent to oversee its installation at a per diem charge with expenses. The defendant company failed to pay the full amount due the plaintiff under the contract, and, on August 6, 1910, a mechanic's lien was filed "for the unpaid price or value of materials furnished and for work and labor done in and about the fitting up and equipment with engines, machinery, etc., of a certain building, etc." The claim sufficiently identified the premises against which the lien was filed, but it did not specifically say that the plaintiff's engine was furnished to and constituted a part of, or was used in, or procured for, the erection of the building in question; it also failed to set forth the precise days upon which the superintendent served and the details of his expenses, although it stated that such services were rendered between February 5, 1910, and May 31, 1910. The defendant company being in charge of a receiver, on August 2, 1913, the plaintiff presented a petition to the bankruptcy court, averring that on August 6, 1910, its lien was filed in the court below, that on August 10, 1910, the defendant company entered into a written contract with the plaintiff company, which stipulated the time for issuing a scire facias "should be extended for the period of three years" from the date of the claim, "as allowed by law" (see Act of June 4, 1901, P. L. 431, Section 10), that, at the request of the defendant company, up to the date of the petition, no scire facias had been issued; finally, since the extension provided for in the agreement was about to expire, and the defendant company was in the hands of the bankruptcy court, the plaintiff asked leave to issue such a writ with the trustee in bankruptcy as a party thereto. No answer appears to have been filed, and permission to proceed as prayed for was granted; whereupon, plaintiff filed a copy of the petition in the court below with a præcipe for the scire facias, and the writ issued in due form, naming the receiver and the trustee

in bankruptcy. The agreement to extend the time for issuing the scire facias is not printed in the paper books; but appellee raised no question in the court below, or here, as to the fact of its existence or due formality. On August 19, 1913, the defendants moved to strike off the claim and to quash the scire facias, and these rules were followed by a motion to strike from the lien the charges for services and expenses of the superintendent; the plaintiff filed answers, and was granted permission to take depositions. All the rules were discharged as of November 5, 1914, and on January 6, 1915, judgment was entered for want of an affidavit of defense; the defendants have appealed and assign as error, (1) the refusal to strike off the lien in its entirety, (2) the refusal to strike therefrom the item as to the services and expenses of the superintendent, and (3) the entry of the final judgment.

In support of their contention that the entire claim should have been stricken from the record, the appellants argue that the part of Section 2 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, which permits a lien for fitting up and equipping "new or old structures" with "boilers, engines......or other useful appliances," is unconstitutional, because it permits a lien to be filed against an old structure, whereas, under the law as it stood prior to the Act of 1901, no claim could be filed for erecting boilers,. etc., unless the installation thereof was coincident with the erection of a new structure: Summerville v. Wann, 37 Pa. 182, 186; Wharton & Hallowell v. Real Estate Investment Co., 180 Pa. 168, 176. They say that, even though the claim at bar might be held good under the Act of 1901, supra, yet, the part of the act relied upon being unconstitutional, the case must be viewed according to the law as it stood prior to 1901, and, thereunder, the present lien not showing on its face that the installation of the boiler entered into the erection of a new structure, the claim was insuf-

ficient to sustain a judgment by default; further, it could not be helped out by depositions.

We have decided that an owner has the right to have a claim, defective on its face, stricken off on motion: Fahnestock v. Speer, 92 Pa. 146; Klinefelter v. Baum, 172 Pa. 652; and, when a rule to strike off is taken by an owner, depositions cannot be used by either side to show that the claim, though insufficient on its face, is, in point of fact, valid or invalid within the requirements of the law: Heistand v. Keath, 229 Pa. 149. There is a well recognized rule, however, to the effect that a court will never heed objections to the constitutionality of an act of assembly unless the complainant is affected by the particular feature alleged to be in conflict with the Constitution: Cooley's Constitutional Limitations, 196; Wellington, et al., Petitioners, 33 Mass. 87, 96; Jeffrey Manufacturing Co. v. Blag, 235 U. S. 571; Plymouth Coal Co. v. Commonwealth of Penna., 232 U. S. 531; Smith v. McCarthy, 56 Pa. 359, 362. Here, in the court below, the substantial complaint was that the claim represented an endeavor to lien "an old building." The plaintiff answered that the building was a new structure, and that the installation of the boiler in this building was coincident with its erection. Therefore, the plaintiff contends it was necessary judicially to determine the character of the structure, and that, in this preliminary, collateral inquiry, it was incumbent upon the defendants to show the building liened was in point of fact an old structure at the time the boiler was placed therein, before they would be in a position to insist upon the constitutional objection relied upon by them in the court below. To state the position of the plaintiff more fully, it contends that, if in fact the engine in this case entered into the erection of a new building, then the defendant company was not in the class affected by a change in the law which permitted liens upon old buildings under circumstances where they were not allowed prior to 1901; hence, in view of the ground of complaint in the petition

to strike off the lien, the court below had a right to permit and consider depositions to this extent, i. e., to ascertain if the complainants were within the class affected by the legislation which they alleged to be unconstitutional, and, after considering the depositions, to make the finding which it did, to the effect that "the building in which the machinery was installed and in connection with which the services for installing were incurred" was a new structure. The plaintiff further contends that, on this finding of fact, the court below did not err in dismissing the motion to strike off the lien; for, no matter how unconstitutional the act might be as to others, it was valid as to the defendant company, the latter not being within the class affected by the alleged unconstitutional extension of the special remedy by mechanic's lien.

In substance, we agree with the foregoing contentions; but for the collateral purpose of ascertaining whether or not the defendant company was within the class affected by the alleged unconstitutional provision, the court below might have found the fact concerning the character of the building in which the engine was erected from the pleadings on the rule to strike off the lien, without at all considering the depositions at bar. We say this for the following reason: Section 52 of the Act of 1901, supra, contemplates and provides for petitions, answers and replications, when applicable to relief under the statute, expressly stating that "the facts averred by either party, and not denied in the answer or replication of the other, shall be taken as true in all subsequent proceedings in the cause, without the necessity for proof thereof," and the plaintiff's answer to the rule to strike off the claim, to which no replication or denial of any kind was interposed, avers "that the......engine ......was not installed in an old building as is alleged in the said petition, but on the contrary such engine was furnished and installed in a new building, which build-

ing was erected at the same time as and coincident with the furnishing, erection and installation of said engine."

It is not necessary further to consider the constitutional question we have adverted to, or the effect of the court's finding of fact already discussed; for assuming, but not deciding, that the law requires, in the first place, that all claims such as the one at bar shall specifically state the building liened is a new structure and that the machinery covered by the claim was furnished to and constituted part, or was used in or procured for the erection, of such structure, and, in the next place, that items such as the one comprehending the charges for the superintendent furnished by the plaintiff, shall be stated more in detail than attempted in the present claim, still, under the facts in this case as they appear of record, the judgment can and should be sustained, for a reason which we shall now consider. The attack upon the sufficiency of the present lien was not based on a contention that it failed to state anything required to be shown by express statutory provision, but simply that the claim was defective because not self-sustaining, in that it failed to set forth certain material matters of detail called for by the decisions of this court. Since it appears upon the record that the defendant company, shortly after the claim was filed, entered into an agreement with the plaintiff postponing the issuance of a scire facias for three years, it is fair to assume that the latter was then about to take out such a writ. If any defects existed in the claim, and a scire facias had issued at that time, an affidavit of defense would have been required within fifteen days: Atlantic Terra Cotta Co. v. Carson, 248 Pa. 417, 422; hence, the attack on the lien, of necessity, must have developed within that period, and even if fatal defects were shown to exist, the plaintiff would have had ample time in which to file a new claim (as more fully shown by the dates stated in the first paragraph of this opinion). By seeking and securing the extension of three years, and thus lulling the plaintiff into a sense of securi-

ty until it was too late to file a new claim, the defendants must be held to have waived the alleged defects which they now rely upon to strike down the lien; and they are estopped from asserting anything to the contrary. In other words, the defendant company impliedly admitted, when it sought and secured the postponement of the scire facias from a date when a new claim could have been filed to a time when that was impossible, that the lien was sufficiently valid upon its face to justify such a writ; therefore, it is not now in a position to question the foundation upon which the scire facias rests. It has been held repeatedly that pleading to a scire facias waives all defects such as here complained of: Fahnestock v. Speer, supra, Klinefelter v. Baum, supra, Wharton v. Real Estate Investment Co., supra; Howell v. Philadelphia, 38 Pa. 471, on the theory that, in the absence of any action showing a contrary intent, the plea admits the formal validity of the foundation upon which the writ rests. To the same extent, in the absence of anything indicating a contrary intent, an agreement such as entered into by the defendant company tacitly admits the right to issue the scire facias, and, by implication, the foundation upon which it rests, i. e., the claim, to be sufficient on its face. The only difference between the two classes of cases is that in the first the implied acquiescence in the sufficiency of the claim comes after the issuance of the scire facias, while in the last it comes in direct anticipation of the writ; but both rest upon the theory that by acknowledging the legal right to the scire facias the defendant waives defects in the statement of the claim such as those alleged at bar.

There is still another reason for sustaining the judgment in this case. Under Section 51 of the Act of 1901, supra, the plaintiff might properly have been granted leave formally to amend its claim in the particulars complained of; and, in fact, by a petition filed in the court below on July 7, 1914, praying for leave to file an answer nunc pro tunc, it appears that the plaintiff

averred the agreement to postpone the scire facias, the delay of three years thereunder, and the fact that the building liened was a new structure into the erection of which its engine had entered, as well as all other details called for by the defendants; further, it asked permission to file the averments of record and to amend "the original lien or otherwise as to the court may seem meet and proper." Leave was granted, and the averments were placed on record in the plaintiff's answer to the petition to strike off the lien; but evidently the court below did not deem it necessary formally to amend the claim, and this was not done. If, however, the defendants felt that the details furnished were insufficient properly to inform them upon any matter as to which they desired fuller knowledge in order to state their defense, Section 36 of the Act of 1901, supra, provides, "for the purpose of enabling a proper defense to be made, the court may order a more specific statement of claim." There was no attempt to invoke the relief just referred to, and, since this is a case between main contractor and owner, the probabilities are that the defendants knew all the material circumstances in the case from the beginning and had no answer to make on the merits; but, whatever the fact may be in this regard, for the reasons stated, they were not in a position to insist upon the technical defenses called to their aid.

The assignments of error are overruled, and the judgment is affirmed.