# Commonwealth *v.* Alderman, Appellant.

*Liquor law—Constitutional law—Delegation of legislative power —Amendment by reference to title—Woner Act of May 5, 1921, P. L. 407.*

1. The Act of May 5, 1921, P. L. 407, known as the Woner Act, passed for the purpose of carrying out the provisions of the 18th Amendment of the federal Constitution and the Volstead Act, is not unconstitutional, as being a delegation of the legislative power by the general assembly, in violation of article II, section 1, of the Constitution of Pennsylvania.

2. If the provisions of section 1 of the Woner Act, relating to the meaning of intoxicating liquors, had been left out of the act, that statute, to be valid legislation, would have to be construed as though they were there.

3. No act can be rendered unconstitutional. by a section which makes no change whatever in the law as it was before, and which might have been omitted without any effect whatever.

4. The first section of the Woner Act may be viewed as merely designating a definite source of information, or standard, for the ascertainment of a fact essential to the application of the law.

5. No one is entitled to be heard on a constitutional point which does not prejudicially affect him in the case under view.

6. The Woner Act is not unconstitutional as endeavoring to write into the code of Pennsylvania a part of the Volstead Act, in violation of article II, section 6, of the Constitution of Pennsylvania relating to the amendment of acts by reference to title only. That section of the Constitution was never intended to apply to such a situation.

7. A new act of assembly may refer to established law, as applicable, without full recital.

*Practice, C. P.—Stipulation—Constitution — Special legislation —Rule of evidence—Appeal—Review.*

8. Where the parties by a stipulation agree that the testimony shall not be brought up on appeal, and that the facts set forth in the charge shall stand as the proved facts in the case, the appellant is not in a position to complain that he had been prejudiced by a statutory rule of evidence attacked as unconstitutional.

*Liquor law—Volstead Act—Woner Act—Different penalties.*

9. The Woner Act is not invalid because it imposes different and more severe penalties than the Volstead Act.

10. If, by comparison with the federal law, the ordained penalties were so manifestly inadequate as to be open to the charge that they really could not have been intended as deterrents, perhaps an argument would lie against their validity.

Argued October 5, 1922.   Appeal, No. 157, Jan. T., 1923, by defendant, from judgment of Superior Court, April T., 1922, No. 118, affirming judgment of Q. S. Crawford Co., Nov. T., 1921, No. 53, on verdict of guilty in case of Commonwealth v. William Alderman. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court.   See 79 Pa. Superior Ct. 277.

The opinion of the Supreme Court states the facts.
Judgment affirmed.   Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Frank J. Thomas,* with him *Paul E. Thomas,* of *Thomas & Thomas,* for appellant.—The act is not complete in itself.   One must go to Congress to learn its application and what acts are subject to its penalties. An attempt is made to give Congress the power to change the application of this act "from time to time."

The Superior Court in attempting to distinguish the case at bar from the case of Com. v. Dougherty, 39 Pa. Superior Ct. 338, fell into error.

The giving by one law-making body to another of the right to determine a fact, and to change that fact at will, is invalid where it constitutes a delegation of legislative power: Locke's App., 72 Pa. 491; O'Neil v. Ins. Co., 166 Pa. 72.

Both state and federal governments may enact and enforce laws upon the liquor subject and they are not compelled to be the same: Rump v. Com., 30 Pa. 475; Moore v. People, 14 Howard 13, 20; Ex Parte Siebold, 100 U. S. 371; Cross v. North Carolina, 132 U. S. 131.

*Geo. E. Alter,* Attorney General, with him *August Delp,* District Attorney, for appellee.—If the Woner Act were merely an exercise of the police power of the State it would involve no delegation of legislative power but only the adoption of a method for the determination of a fact: Locke's App., 72 Pa. 491.

It neither revives, amends, nor extends or confers the provisions of any law by mere reference thereto.

In any event, the law is perfectly good as to the congressional standard of intoxicating liquor which existed when it was passed and which still exists: Com. v. Dougherty, 39 Pa. Superior Ct. 338.

The Woner Act is an exercise of the concurrent power vested in Congress and the states under the 18th Amendment to the federal Constitution.

If Congress has the power to change the standard once adopted and fix a new standard, state standards must yield or state legislation immediately becomes invalid.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1923:

Defendant was sentenced, on conviction of possessing and transporting intoxicating liquors for beverage purposes, contrary to the Act of May 5, 1921, P. L. 407, known as the Woner Act; section 20 of this statute, covering the offenses charged, provides that "Any person who shall......transport......or possess any intoxicating liquor within the State for beverage purposes [except as specially allowed] shall be guilty of a misdemeanor."

The licensing features of the Woner Act are not here involved; their constitutionality was upheld in effect by Commonwealth v. Vigliotti, 271 Pa. 10, affirmed by the federal Supreme Court in Vigliotti v. Com., 42 Sup. Ct. (U. S.) R. 330, issue of May 15, 1922.

The principal contentions now before us are that the Constitution of Pennsylvania is breached by the present

statute (1) attempting to delegate, to the national government, law-making power vested solely in our legislature (article II, section 1, Pa. Const.), and (2) endeavoring to write into the code of this State part of a federal statute, known as the Volstead Act, in violation of article III, section 6, of our Constitution, which reads as follows: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length." These attacks were dismissed by both the lower tribunal and the Superior Court; hence this appeal.

The particular part of the Woner Act appellant claims to be unconstitutional, in the above-mentioned respects, is section 1, which provides that the "vinous, spirituous, malt or brewed liquors," dealt with in the statute, shall mean all such liquors "fit for beverage purposes, other than such as are, from time to time, determined and found to be intoxicating by act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States," and that the phrase "intoxicating liquors" shall mean "anything found and determined, from time to time, to be intoxicating by act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States."

The above-quoted statutory provisions do not present a delegation of legislative power contrary to the Constitution of Pennsylvania but simply an acceptance by our legislature of the inevitable, an acknowledgment of that which the federal Supreme Court, interpreting the 18th Amendment (National Prohibition Cases, infra), has pronounced the law of the land, "operative throughout the entire territorial limits of the United States," and "binding all legislative bodies, courts, public officers and individuals within those limits,"—this interpretation being "in no sense dependent on, or affected by, action or inaction on the part of the several states or any of them": National Prohibition Cases, 253 U. S. 350, 386, 387; see

also Com. v. Nickerson, 236 Mass. 281, 292-6, 128 N. E. 273, 277-9.  Had the provisions now questioned been left out of the Woner Act, that statute, to be valid legislation, would have to be read and construed as though they were there: Com. v. Vigliotti, supra, 14; Vigliotti v. Com., supra.  Knisely v. Cotterel, 196 Pa. 614, 635, holds that "No act can be rendered unconstitutional by a section which makes no change whatever in the law as it was before and which might have been omitted without any effect whatever"; this principle is applicable to the instant case and governs it.

While on the subject of the Woner Act representing a delegation of legislative power, it may be added, there is force in appellee's position that the parts of the statute alleged to be thus faulty should be viewed as merely designating a definite source of information, or standard, for the ascertainment of a fact essential to the application of the law.  That such course is permissible was decided by us in Locke's App., 72 Pa. 491, 495, 498; but appellant objects that the criterion for finding the fact in question may be changed by Congress from time to time, and contends that the express contemplation of this possibility by the statute before us manifests a plain purpose to delegate legislative power.  Even were the contention just stated viewed with favor (which we are not convinced it should be), still this court would be obliged to hold that appellant cannot raise the suggested objection; for no one is entitled to be heard on a constitutional point which does not prejudicially affect him in the case under review: Mesta Machine Co. v. Dunbar Furnace Co., 250 Pa. 472, 476.  To date, there has been but one piece of national legislation on the subject in hand—the Volstead Act, and this was passed prior to the present indictment; appellant, not being harmed by any change in the law since its first pronouncement, cannot complain on that score.

As to defendant's second contention, consideration will show that the Woner Act, under the circumstances here

involved, does not exhibit a forbidden mode of writing legislation from another jurisdiction into the statutory law of this State. The restrictions of the Pennsylvania Constitution, relied on to sustain appellant's argument to the contrary, were never intended to provide for a situation like that created by the grant of concurrent power in the 18th Amendment, which has been construed by our highest judicial authority to give Congress paramount power to legislate for the enforcement of prohibition, at least to the extent that state legislatures, and all others, must accept the interpretation which the national law-making body, acting within its constitutional rights, may put upon this branch of the fundamental law; and the interpretation placed thereon by the Volstead Act, so far as the meaning of "intoxicating liquors" is concerned, has been affirmed by the federal Supreme Court as a valid exercise of this power: National Prohibition Cases, supra; Ruppert v. Caffey, 251 U. S. 264, 299.

When considering the subject of legal restrictions on methods of legislative expression, in Greenfield Avenue Case, 191 Pa. 290, 295, 296, we said that, "Ordinarily, the power to do any act includes the power to determine the method of doing it," adding that "a constitutional provision, intended to operate as a restraint on the legislature with respect to the language and forms of expression to be used in framing [statutes] . . . . . . is not to be so construed as to embrace cases not fairly within its general purposes or policy, or the evils which it was intended to correct"; and the situation at bar is certainly not "fairly within" the scope of the evils sought to be guarded against by the constitutional provisions cited above. That is to say, the concurrent power created by the 18th Amendment represents such a radical change of, and is so novel to our governmental system (Com. v. Nickerson, 236 Mass. 281, 291, 128 N. E. 273, 277), it cannot reasonably be looked upon as in any sense anticipated by our Constitution. We are not unmindful of the

rule that the organic law is presumed to be made with
an eye to the future (Cochranton T. Co. v. P. S. C., 263
Pa. 506, 508); but it must have been far from the pur-
pose of those who adopted our present Constitution to put
legal difficulties in the way of an effective carrying out of
a power of the kind we are here discussing, and, when
properly understood, neither the language, the true in-
tent, nor the history of the provisions in question require
us to decide otherwise. Before leaving the point under
discussion, attention may be directed to Clearfield Co. v.
Cameron Twp. Poor Dist., 135 Pa. 86, 89, 95, and Smith
W. M. Co. v. Browne, 206 Pa. 543, 548, where we held that
a new act of assembly may refer to established law, as ap-
plicable, without full recital; and this,—considering the
binding force of the prior federal interpretation of the
18th Amendment,—is really the course pursued by the
act before us, so far as this case is concerned.

The foregoing considerations bring us to the conclu-
sions already indicated, for the ultimate reasons we are
about to state: (1) Since the portion of the Woner Act
now under attack might have been omitted without
changing the law of Pennsylvania there announced, it
cannot be accounted an unconstitutional delegation of
legislative power, such as to annul that statute; and (2)
since the part of our Constitution previously quoted,
governing methods of legislative expression, manifestly
was never intended to apply to a situation like the pres-
ent, it cannot be invoked to avoid the act.

In addition to the matters already discussed, appellant
contends that the legislation before us offends article
III, section 7, of the Constitution of Pennsylvania, as
section 21 of the statute provides a rule of evidence, for
cases falling within the act, which differs from the or-
dinary rule. Since, by a joint stipulation filed of record,
both sides agree that the testimony shall not be brought
up on appeal, and that the facts set forth in the charge
of the court shall "stand as the proved facts in the case,"
it does not appear defendant has been prejudiced by the

statutory rule of evidence attacked as unconstitutional; hence he is not in a position to complain, and this is all that need be said on the point.

The fact, called to our attention by appellant, that more severe punishment is visited on offenders against the present statute than is provided for in the federal law, is of no moment; while the states, when legislating for the enforcement of the 18th Amendment, have no power to depart from the construction of its meaning adopted by Congress and affirmed by the Supreme Court of the nation, yet we see no reason why each commonwealth cannot provide such penalties as it may deem proper for breaches of its own acts of assembly (Com. v. Nickerson, 236 Mass. 281, 295-300, 128 N. E. 273, 279, 280; U. S. v. Lanza, 43 Sup. Ct. Rep. No. 5, p. 141); and, in this connection, we may say it makes no difference whether the legislation before us was passed pursuant to the grant of concurrent power, vested by the prohibition amendment in the State, or by virtue of the state's inherent police power, as the latter may be affected by the amendment. In either event, Pennsylvania has authority to enact laws to enforce the amendment, and the fixing of punishment for violations thereof is a necessary incident of that power. If, by comparison with the federal law, the ordained penalties were so manifestly inadequate as to be open to the charge that they really could not have been intended as deterrents, perhaps an argument would lie against their validity; but not where, as here, the state's punishments are even harsher than those fixed by Congress.

We have examined Com. v. Dougherty, 39 Pa. Superior Ct. 338; O'Neil v. Am. F. Ins. Co., 166 Pa. 72, and the other cases cited by appellant; it is sufficient to say they are all distinguishable, in material particulars, from the case at bar.

The assignments of error are overruled and the judgment is affirmed.