# Commonwealth *v.* Amato, Appellant.

*Criminal law—Unlawful possession and transportation of intoxicating liquor—Act of March 27, 1923, P. L. 34—Definition of proof.*

It is entirely proper for the legislature to declare that "when proof has been given in evidence," i. e., evidence amounting to proof of the transportation or possession of intoxicating liquor, it shall be prima facie evidence that it was for beverage purposes. This does not shift the burden of proof, which is still upon the Commonwealth to satisfy the jury beyond a reasonable doubt, and the provision in the statute does not change either the rules of evidence nor the regulation of the practice of the courts.

On the trial of an indictment for the transportation and possession of intoxicating liquors, a verdict of guilty will be sustained, where the evidence established that two bottles of whiskey were found in the automobile of the defendant, and the evidence was sufficient to warrant a finding that the whiskey was in the car when the defendant brought it into the garage and that he possessed and transported the whiskey which it contained.

Argued October 1, 1923. Appeal, No. 13, April T., 1923, by defendant, from judgment and sentence of Q. S. Venango Co., No. 24, April T., 1923, on verdict of guilty in the case of Commonwealth of Pennsylvania v. James Amato. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment under the Act of March 27, 1923, P. L. 34, charging the unlawful possession and transportation of intoxicating liquor. Before CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment and sentence was passed. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and refusal to direct a verdict in favor of the defendant.

*Quincy D. Hastings,* for appellant.

*Lee A. McCracken,* District Attorney, and with him *W. M. Parker,* of *Trax & Parker,* for appellee.

OPINION BY PORTER, J., November 19, 1923:

The appellant was convicted upon an indictment containing two counts; the first charging the unlawful possession of intoxicating liquor for beverage purposes, and the second the transportation of such liquor for beverage purposes. There was a general verdict of guilty, but as the evidence was that the possession was during the course of transportation, the court very properly imposed but a single sentence, from which we have this appeal.

The appellant thus states the questions alleged to be involved in this appeal. "1st. Did the court err in holding that the Commonwealth had shown beyond all reasonable doubt that the defendant had possessed and transported the liquor which was alleged to have been found in a car that the defendant had left in the garage?" "2d. Did the court err in holding that a presumption of possession and transportation, arose from the evidence, and that presumption overcame the presumption of innocence and the reasonable doubt accorded the defendant?" "3d. Did the court err in holding that the Act of Assembly under which the defendant was indicted and convicted was as a matter of law sufficient to support sentence as pronounced? That the Act of March 27, 1923, was constitutional?"

1. It would be a sufficient answer to the first question stated to be involved to say; that the court did not attempt to pass upon the guilt or innocence of the defendant as a matter of law. The questions of fact were submitted to the jury with instructions of which the defendant has no reasonable ground to complain. The defendant had arrived at the City of Franklin in an automobile which was his own property and of which he had

exclusive control and possession after a journey upon which no other person was in the car, and left the car at a garage at half past one o'clock in the morning. The Commonwealth called witnesses whose testimony, if believed, established that they had been in charge of the garage and had the car under observation from the time it arrived at the garage and that no person had taken anything out of or put anything into the car or interfered with it in any manner from the time it was brought in by the defendant until three o'clock in the morning, when two police officers arrived at the garage, examined the car and found in a small box back of the driver's seat two bottles of whiskey. This evidence was sufficient to warrant a finding that the whiskey was in the car when the defendant brought it into the garage and, as the car had been in his exclusive possession and control, that he had possessed and transported the whiskey which it contained. The defendant testified that he had made the journey from Meadville to Franklin in the car unaccompanied by any other person and that he did not know how the whiskey got into the car. The court, in charging the jury, affirmed all the written requests for instruction submitted by the defendant, among others one in the following words: "If after a careful and impartial consideration of all the material and credible evidence in the case, the minds of the jury honestly hesitate and waver between a conviction and acquittal, then a reasonable doubt exists and the verdict of the jury should be not guilty." In its answer to another point, relating to the effect of evidence of good character, the court added a qualification more favorable to the defendant than the point presented by his counsel, saying: "It (evidence of good reputation) may of itself in a proper case form a proper basis for a reasonable doubt, and therefore for a verdict of not guilty." These instructions certainly made it very clear to the jury that the burden remained upon the Commonwealth throughout the case to establish the guilt of the defendant beyond a reasonable doubt.

2. The court properly submitted to the jury the question of the possession and transportation of the liquor by the defendant. The learned judge did not it is true use the words presumption of innocence, but he did instruct the jury that the burden was upon the Commonwealth to satisfy them of the defendant's guilt beyond a reasonable doubt. This gave to the defendant the full benefit of the presumption of his innocence until his guilt was established by evidence measuring up to the standard by the law required.

3. The argument of the learned counsel for the appellant as to the constitutionality of the Act of March 27, 1923, has taken a wide range and questions the validity of several sections of the statute which the Commonwealth did not invoke in this proceeding and which have no application to this appeal. The sentence imposed by the court did not involve a forfeiture of any specific property. It was imprisonment and a fine, the usual penalties in criminal proceedings. The thirteenth section of the statute enacts that: "In any prosecution under this act when proof has been given in evidence of the......transportation or possession......of any intoxicating liquor, the same shall be prima facie evidence that the same was so manufactured......transported, possessed......or exported for beverage purposes." It is argued on behalf of appellant that this is an attempt upon the part of the legislature to exercise judicial functions and change the rules of evidence. It was entirely competent for the legislature to declare that "when proof has been given in evidence"; i. e., evidence amounting to proof of the possession of liquor, it should be prima facie evidence that it was for beverage purposes. This does not shift the burden of proof, which is still upon the Commonwealth to satisfy the jury beyond a reasonable doubt. This question has been so satisfactorily disposed of by our Brother Keller, in the opinions in Com. v. Berryman, 72 Pa. Superior Ct. 479 and Com. v. Finch, 80 Pa. Superior Ct. 386, that further discussion is unneces-

149, (1923).]          Opinion of the Court,

sary. The other provisions of the statute which are asserted to be unconstitutional do not at present concern this appellant, and the court will not heed the objections to the constitutionality of an act unless the complainant is affected by the particular feature alleged to be in conflict with the Constitution: Mesta Machine Co. v. Dunbar Furnace Co., 250 Pa. 472 .

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.