## Commonwealth *v.* Symington, Appellant.

*Intoxicating liquors—Transportation—Lawful possession—Change of residence—Act of March 27, 1923, P. L. 34.*

One who transports intoxicating liquor from his former dwelling in a foreign state to his then bona fide dwelling in another foreign state, without a federal permit, violates the 3rd section of the Act of March 27, 1923, P. L. 34, even though the intoxicating liquor was purchased prior to the Volstead Act and he is in lawful possession of it.

The Act of March 27, 1923, P. L. 34, makes no provision for permits. If the owner changes his residence, the protection afforded to him ends.

Argued March 10, 1925. Appeal No. 91, October T., 1925, from judgment and sentence of Q. S. Montgomery County, April T., 1924, No. 83, in the case of Commonwealth of Pennsylvania v. Thomas Symington. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for possession and transporting intoxicating liquor. Before WILLIAMS, J.

The opinion of the Superior Court states the case.

Verdict of not guilty of unlawful possession, but guilty of unlawful transportation, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* inter alia, was the refusal to grant a new trial and the judgment and sentence of the court.

*George Wanger,* and with him *Charles H. Wetter,* for appellant.

*Frank X. Renninger,* District Attorney, and with him *George C. Carson,* Assistant District Attorney, for appellee.

OPINION BY TREXLER, J., July 9, 1925:

The defendant, Thomas Symington, was charged with unlawful possession and unlawful transportation of intoxicating liquors. He was found guilty of un-

lawful transportation. The defendant on March 8, 1924, entered into an agreement of sale for his residence and its furnishings at Morristown, N. J. He had on hand at the time a supply of intoxicating liquors purchased prior to the Volstead Act and kept for the entertainment of the members of his family and guests at his residence. On April 8, 1924, for the purpose of transporting some of this intoxicating liquor to his new residence in Maryland he placed three unopened cases in his automobile. As he pursued his journey he was arrested by state police at Centre Square, Montgomery County. The defendant claims that being rightfully in possession of the intoxicating liquors in his private dwelling he had a right upon changing his residence to remove the liquor to his new residence.

The 18th Amendment of our National Constitution prohibits the manufacture, sale and the transportation of intoxicating liquors for beverage purposes within the United States and the State of Pennsylvania under the power conferred by the same amendment enacted legislation to enforce the prohibition. The 3d section of the Act of March 27, 1923, P. L. 34, provides: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess, or deliver within, or import into, or export out of, this Commonwealth any intoxicating liquor for beverage purposes except as hereinafter set forth." Then follow several provisions not applicable to the present discussion. Section 4 provides: "It shall not be unlawful, however, to possess intoxicating liquor for beverage purposes in one's bona fide private dwelling, while the same is occupied and used by him as his dwelling only, provided such liquor was lawfully acquired prior to the passage of this act, and is for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein,

which entertainment shall not be deemed an unlawful furnishing: Provided, however, that proof of the possession of such intoxicating liquor shall be prima facie evidence that the same was acquired, possessed and used in violation of this act." The act is to be liberally construed for the accomplishment of its expressed purpose (section 1). The private dwelling of a man is the place in which the liquors lawfully ·acquired may be kept. We observe that the evidence in this case shows that at the time when this liquor was transported the house and grounds in Morristown had not been held by the defendant for some time but that he had permanently transferred his home to Baltimore, Maryland. The possession of intoxicating liquors which is recognized as lawful is in a person's private dwelling when the same is occupied and used as his dwelling. We merely note this phase of the case in passing. The defendant was convicted of unlawfully transporting. There is no doubt as to the facts. He transported intoxicating liquor intended to be used as a beverage. There is no provision in the act that when the place in which the liquor had been kept ceases to be his private dwelling that it can be transported to his new dwelling. That the liquor was brought from another state does not affect the question. The concurrent power of the 18th Amendment is not divided by Congress and the states along the lines which separate or distinguish foreign and interstate from intrastate affairs, National Prohibition Cases, 253 U. S. 350. When the defendant entered the State of Pennsylvania he became subject to its laws. He had no right to transport the liquor under our laws and it would seem that the application of the statute to the act with which he is charged is plain. Nor will it help the defendant to grant that under the National Prohibition Act, he might have secured a permit to transport this liquor. The fact is he had no permit. He is

charged with vioation of the Pennsylvania statute and it provides for no permits. Under it all liquors intended for beverage purposes are contraband unless acquired before the passage of the act and kept in a bona fide private dwelling for certain uses. The only lawful manufacture and sale applies to medicinal, culinary, or sacramental uses, (section 13). Even if the defendant could escape conviction under the federal statute that does not affect his position as to the crime charged. The state law may be more drastic than the federal statute: Com. v. Vigliotti, 258 U. S. 403; Com. v. Alderman, 275 Pa. 483. Under the state law as we construe it, if the owner changes his residence, the protection afforded to him ends. The power granted under the 18th Amendment may be exerted against the disposal for beverage purposes of liquor manufactured before the amendment became effective just as it may be to such as is manufactured subsequently, National Prohibition Cases, supra. The learned trial judge very properly confined the question involved in the case to proper bounds when he charged the jury: "The defendant in this case is not, however, charged here with a violation of the National Prohibition Act. That is a matter with which the federal jurisdiction is concerned, if it is a matter of concern. Whether the defendant did or did not violate the National Prohibition Act is not the question which you are trying. The question which you are trying is whether the defendant violated the Prohibition Enforcement Act of Pennsylvania."

All the assignments of error are overruled, the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.