## Commonwealth v. R. C. Haldeman, Appellant.

*Dog license—Dog law—Act of May 11, 1921, P. L. 522— Constitutionality.*

The Act of May 11, 1921, P. L. 522—(Dog Law)—is constitutional. The object of the Act is to regulate and restrain the keeping of dogs, and the tax imposed thereby is by virtue of the police power of the state, and not subject to the prohibition of Article IX of the Constitution of Pennsylvania, which provides that all taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax. The provision that the act shall not apply to cities of the first and second classes is, therefore, not fatal to the constitutionality of the law. Moreover the express provision in section 41 of the act, providing that its provisions shall be severable, and, that if any of its provisions shall be held to be unconstitutional, the decision of the court shall not affect or impair any of the remaining provisions of the act, would preserve so much of the act as does not relate to territorial distinctions.

Whenever part of an act found to be unconstitutional can be severed from the rest of the statute without destroying its entirety of thought, such a saving clause creates a presumption that the legislature would have passed the act notwithstanding its unconstitutional provisions, always leaving open, however, the questions whether the statute in its reduced form remains a workable piece of legislation, or for any other reason is unconstitutional. If the provisions exempting the application of the act to first and second

class cities should be omitted, there would still be a complete act, satisfactory as to title and containing only provisions applicable to every county of the commonwealth.

Argued April 30, 1926. Appeal No. 4, March T., 1927, by defendant, from judgment and sentence of Q. S. Cumberland County, September Sessions, 1924, No. 70, in the case of Commonwealth of Pennsylvania v. R. C. Haldeman. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Summary conviction under the Act of May 11, 1921, P. L. 522. Before BIDDLE, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant was sentenced to pay the costs of prosecution and a fine of $5. Defendant appealed.

*Error assigned* was the judgment of the court.

*John R. Geyer,* and with him *Caleb S. Brinton* and *Paul G. Smith,* for appellant.—The Act of May 11, 1921, P. L. 522, is unconstitutional. It is a taxing act and the provisions exempting first and second class cities is fatal to its constitutionality: Pray v. The Northern Liberties, 31 Pa. 69, 71; Philadelphia Association, etc., v. Wood, 39 Pa. 73, 82; Northern Liberties v. St. John's Church, 13 Pa. 103, 106; 37 Cyc., Taxation, page 709; 37 Cyc., Taxation, page 711; Williamsport v. Wenner, 172 Pa. 173; Oil City v. Oil City Trust Co., 151 Pa. 454; Commonwealth v. Clark, 195 Pa. 634; New Castle v. Cutler, 15 Pa. Superior Ct. 612; Frankford, etc., Ry. Co. v. Philadelphia, 58 Pa. 119; Johnson v. Philadelphia, 60 Pa. 445; Commonwealth v. Delaware Division Canal Co., 123 Pa. 594; Cope's Estate, 191 Pa. 1; Heisler Appel. v. Thomas Colliery Co., 274 Pa. 448; Commonwealth v. Alden Coal Co., 251 Pa. 135.

*Joseph P. McKeehan,* Special Deputy Attorney General, and with him *John E. Myers,* District Attorney, and *George W. Woodruff,* Attorney General, for appellee.—The exercise of the police power is distinguished from the exercise of the power of taxation. The imposition of tax on the owners of dogs may be sustained under the former, although under the latter they might be invalid because of lack of uniformity or quality. The act involves a reasonable classification: Knisely v. Cotterel, 196 Pa. 614; Rose v. Beaver Co., 20 Pa. Superior Ct. 110, 204 Pa. 372, 377; Com. v. MacFerron, 152 Pa. 244; Rubinsky v. Pottsville, 81 Pa. Superior Ct. 105, 110, 115.

OPINION BY TREXLER, J., July 8, 1926:

The defendant was charged with the violation of the fourth section of the Act of the 11th of May, 1921, P. L. 522, being the "Dog Law of 1921," in that he kept in his possession three dogs over six months old, for which licenses were issued but which had no tags attached to their collars and upon a hearing held before a magistrate, he was summarily convicted.

An appeal was allowed to the Court of Quarter Sessions and at the hearing, the court found the defendant guilty and sentenced him accordingly.

The act in question which relates to dogs, provides for the licensing of dogs, for their enumeration, regulates their keeping, provides for the protection of certain classes of dogs, for the assessment of damages done to live stock and poultry by dogs, and directs the method of the collection of licenses and the payment of all moneys collected into the "Dog Fund" of the state treasury and directs the disposition thereof.

Section 39 of the act provides "In so far as this act provides for the licensing of dogs and the payment of damages for live stock or poultry injured by dogs or for licensed dogs illegally killed, it shall not apply to

cities of the first and second class.  Such licensing and payment of damages in cities of the first and second class shall continue to be carried on under the provisions of existing laws."

The appellant contends that this exemption from the operation of the act so far as certain classes of cities are concerned is in violation of the first section of Article IX of the Constitution of Pennsylvania which provides that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied ......under the general laws."  The lower court held that this was not a tax, that the object of the act was to regulate and restrain the keeping of dogs, that it was of the same type as the license fee collected under the liquor laws which were formerly in operation and passed by virtue of the police power of the state and not subject to the prohibition of the above mentioned section.

Further, the lower court pointed out that if the view it took was wrong, the act in question was so framed that the sustaining of the defendant's position in this regard would not relieve him from the sentence imposed and we coincide in this conclusion. The act, in Section 41, provides "The provisions of this act shall be severable, and, if any of its provisions shall be held to be unconstitutional, the decision of the court shall not affect or impair any of the remaining provisions of the act.  It is hereby declared as a legislative intent that this act would have been adopted had such unconstitutional provision not been included therein."

A provision almost like this was present in the case of N. R. Bagley Co. v. Cameron, 282 Pa. 84; and in Commonwealth v. Snyder, 279 Pa. 234, and its effectiveness recognized.  "Wherever part of an act found to be unconstitutional can be severed from the rest of

the statute without destroying its entirety of thought, a saving clause such as we have here creates a presumption that the legislature would have passed the act notwithstanding its unconstitutional parts, always leaving open, however, the questions whether the statute in its reduced form remains a workable piece of legislation, or for any other reason is unconstitutional.'' Bagley v. Cameron, supra.

It will be noticed that the act which we are considering gives no reference in its title to the fact that first and second class cities shall be exempt from some of its provisions so if we drop the provisions that are now in question, we still have left a complete act, complete as to its title and containing only provisions applicable to every county of the commonwealth and the act in no way is mangled by the excision of the provisions excluding first and second class cities.

The appellant further objects that the act gives no notice in its title of the fact that a new liability is imposed upon the commonwealth by reason of its provision, citing Investor's Realty Co. v. Harrisburg, 281 Pa. 200. The act is a general act. It provides a "dog fund" and out of such fund, officers of the commonwealth are provided with means of carrying out the provisions of the act. In the general scheme provided by the act there is no new liability placed on the commonwealth. The state merely furnishes a medium to carry out the provisions of the act as was said in Commonwealth v. Friebertshauser, 263 Pa. 211, when the title to the "Dog Act of 1917, P. L. 818" was in question. "The title is sufficiently comprehensive to give notice of the intent to deal with the entire subject matter of licensing dogs and protecting live stock and necessarily the disposition of funds realized under its provisions is one of the incidents to its enforcement and requiring no express mention in the title.''

We do not intend to go into the questions raised

as to the fund obtained from the licenses which is largely in excess of the requirements of the act, nor into the legality of its application. The defendant has paid his licenses, the only charge against him was that he failed to tag his dogs. ''There is a well recognized rule, however, to the effect that a court will never heed objections to the constitutionality of an act of assembly unless the complainant is affected by the particular feature alleged to be in conflict with the Constitution." - Mesta Machine Co. v. Dunbar Co., 250 Pa. 472, 476; Commonwealth v. Alderman, 275 Pa. 483; Commonwealth v. Amato, 82 Pa. Superior Ct. 149.

The assignments are overruled and the judgment of the lower court is affirmed.