# Commonwealth *v.* Haldeman, Appellant.

*Constitutional law—Animals—Dog law—Local legislation—Title of Act of May 11, 1921, P. L. 522—Licenses—License tags—Taxation—Police power—Right to object to constitutionality of act—Fines—Saving clause.*

1. A court will never heed objections to the constitutionality of an act unless the complainant is affected by the particular feature alleged to be in conflict with the Constitution.

2. A resident of Cumberland County, Pennsylvania, who has paid a license fee for dogs under the Dog Law of May 11, 1921, P. L. 522, cannot object that the act is a revenue measure, and unconstitutional for lack of uniformity, because section 39 of the act excludes the cities of Philadelphia and Pittsburgh from its operation.

3. A defendant cannot escape payment of a penalty on the ground that it may be improperly used.

4. Dogs, because of their tendency to cause harm are peculiarly subject to the police power of the state; and a statute requiring them to have tags attached to their collars as a means of identification, is a proper exercise of such power.

5. The title of the Act of May 11, 1921, P. L. 522, "providing for the licensing of dogs," etc., is sufficient to cover an enactment relating to the license tags.

6. There is no constitutional mandate that statutes relating to dogs or other domestic animals, must be uniform throughout the Commonwealth.

7. Even if section 39 of the Act of 1921 be held unconstitutional, this does not affect the rest of the act containing proper constitutional provisions, inasmuch as the act itself contains a saving clause for the remainder of the act where one or more clauses are held to be unconstitutional.

Argued November 23, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

Appeal, No. 90, Jan. T., 1927, by defendant, from judgment of Superior Court, March T., 1927, No. 4, affirming judgment of Q. S., Cumberland Co., Sept. T., 1924, No. 70, in case of Commonwealth v. R. C. Haldeman. Affirmed.

Appeal from judgment of quarter sessions.  See 88 Pa. Superior Ct. 284.

The opinion of the Supreme Court states the facts.

Judgment affirmed by Superior Court.  Defendant appealed.

*Error assigned* was, inter alia, judgment of Superior Court.

*John R. Geyer*, with him *Caleb S. Brinton* and *Paul G. Smith*, for appellant.—The act is a taxing act: Northern Liberties v. Church, 13 Pa. 104; Pray v. Northern Liberties, 31 Pa. 69; Postal Teleg. Co. v. Taylor, 192 U. S. 64; Atlantic & Pacific Teleg. Co. v. Phila, 199 U. S. 610; Frankford, etc., Ry. v. Phila., 58 Pa. 119; Johnson v. Phila., 60 Pa. 445.

The act violates the uniformity clause of the Constitution: Cope's Est., 191 Pa. 1; New Castle v. Cutler, 15 Pa. Superior Ct. 612; Com. v. Clark, 195 Pa. 634; Clouser v. City, 270 Pa. 92; Com. v. Coal Co., 164 Pa. 284; Juniata Limestone Co. v. Fagley, 187 Pa. 193.

Appellant, who has here raised the question as to the validity of the dog law, belongs to the class of dog owners outside cities of the first and second class directly affected by the act.

*Joseph P. McKeehan*, Special Deputy Attorney General, with him *John E. Myers*, District Attorney, and *George W. Woodruff*, Attorney General, for appellee.— Dog license fees are not taxes.

The act is not violative of provision requiring that all taxes be levied and collected under general laws operating uniformly throughout the State.

Appellant has no right to raise constitutional questions.

OPINION BY MR. JUSTICE WALLING, January 3, 1927:

In August, 1924, R. C. Haldeman, the defendant, was convicted by a magistrate of failure to attach license

tags to the collars of his three setter dogs. On appeal, the quarter sessions court sustained the conviction; this was affirmed by the Superior Court (88 Pa. Superior Ct. 284), whereupon we allowed an appeal on the constitutional question.

Despite the wide range and unusual ability displayed in the presentation of the case, but little need be said in vindication of the action of the Superior Court. The prosecution was under the "Dog Law of 1921," see Act of May 11, 1921, P. L. 522, and the penalty imposed was the minimum fine of $5, provided in section 36 of the act. This statute transfers the matter of licensing, etc., of dogs from counties to the State and places it under control of the Secretary of Agriculture, while the revenue derived from license charges, etc., is paid into the state treasury as a special fund. This fund amounts in the aggregate to a very large annual sum, and it is urged for appellant that the act is a revenue measure, under the taxing power of the Commonwealth, and invalid for lack of uniformity as section 39 excludes the cities of Philadelphia and Pittsburgh, inter alia, from the license feature of the statute. The record, however, shows appellant paid for the licenses, what he contends is a tax, and is therefore not in a position to raise that question. "A court will never heed objections to the constitutionality of an act of assembly unless the complainant is affected by the particular feature alleged to be in conflict with the Constitution": Mesta Machine Co. v. Dunbar F. Co., 250 Pa. 472, 476, and authorities there cited; see also Com. v. Dollar Sav. Bank, 259 Pa. 138, 146; Com. v. Alderman, 275 Pa. 483; Com. v. Amato, 82 Pa. Superior Ct. 149, 153; Smith v. Yellow Cab Co., 87 Pa. Superior Ct. 147, 148; Ruling Case Law Supplement, vol. 2, p. 21, section 87. True, appellant has not paid the fine and urges it will be improperly used. A defendant cannot escape payment of a penalty on such ground; as a taxpayer, perhaps he might raise the question, but it cannot be

successfully interposed here. The fine bears no resemblance to a tax and its disposition is a matter for the legislature. See Collins v. Relief Society, 73 Pa. 194, 196; Bergner & Engel Co. v. Koenig, 30 Pa. Superior Ct. 618, 621.

Dogs, because of their tendency to cause harm, are peculiarly subject to the police power of the State. See Nicchia v. New York, 254 U. S. 228; 1 R. C. L. pp. 1127, 1128. A statute requiring them to have tags attached to their collars, as a means of identification when at large, is so eminently wise and falls so clearly within the police power as not to require discussion.

The title of the Act of 1921 is, inter alia, "An act relating to dogs......; providing for the licensing of dogs by the Secretary of Agriculture......; providing for the enumeration of dogs by assessors; regulating the keeping of dogs......; and providing penalties." This is amply sufficient to cover the enactment relating to license tags. There is no constitutional mandate that statutes relating to dogs or other domestic animals, must be uniform throughout the Commonwealth; hence, it is not necessary to decide whether the tagging provision of the act is applicable to the two above named cities. A similar provision as to license tags is found in the Act of July 11, 1917, P. L. 818, in that of June 1, 1907, P. L. 363, and in other statutes relating to dogs. The principle is not essentially different from that requiring license plates on automobiles.

Section 41 of the Act of May 11, 1921, P. L. 522, above referred to, provides that: "The provisions of this act shall be severable, and, if any of its provisions shall be held to be unconstitutional, the decision of the court shall not affect or impair any of the remaining provisions of the act. It is hereby declared as a legislative intent that this act would have been adopted had such unconstitutional provision not been included therein." Therefore, if any one or more sections of the statute were invalid, so long as a workable act remains it will be

1927.]                    Opinion of the Court.

sustained: Bagley Co., Inc., v. Cameron, 282 Pa. 84. We do not intimate that any section is invalid, but certainly the act as a whole is not.

The judgment of the Superior Court is affirmed.