# Commonwealth ex rel. *v.* Reese et al., Appellants.

*Constitutional law—Title of act—Act of May 14, 1925, P. L. 762 —Poor laws—Parties to challenge constitutionality.*

1. The Act of May 14, 1925, P. L. 762, entitled "An act concerning poor relief and the creation and government of poor districts and the administration of the same in all counties of the Commonwealth, except in counties of the first and second class; and revising, amending, consolidating and changing the law relating thereto," is constitutional, and does not violate article III, section 3, of the Constitution as being deficient in its title.

2. The title gives explicit notice that all laws governing poor districts may be affected by the act.

3. The constitutionality of the act cannot be affected by later legislation.

4. A party not affected by the provisions of an act cannot challenge its constitutionality.

*Poor laws—Election of school directors—Local law—General law —Repeal of statutes—Schuylkill County—Acts of April 4, 1831, P. L. 422; June 12, 1907, P. L. 529; May 14, 1925, P. L. 762, and May 13, 1927, P. L. 1008—Words and phrases—"Create."*

5. A general statute does not repeal a local statute by mere implication.

6. The general statute of May 14, 1925, P. L. 762, relating to the election of poor directors, does not repeal the Act of June 12, 1907, P. L. 529, by which poor directors are elected in Schuylkill County.

7. The clause in section 8 of the Act of 1925, which reads "the provisions of the act shall supersede and prevail over any previous enactments, ordinances, regulations, and rules found to be inconsistent or incompatible herewith," is an explicit recognition that those not inconsistent are to remain in force.

8. As Schuylkill County was created a poor district by the Act of April 4, 1831, P. L. 422, it was already a county unit district at the time of the passage of the Act of May 14, 1925, P. L. 762, and was not a "newly created" district within the meaning of section 301 of the later act.

9. The provisions of the Act of 1925 as to the election of poor directors were not intended to apply to existing county unit districts, but only to those newly created by the act itself.

10. Such construction of the Act of 1925 is confirmed by the legislative interpretation put upon it by the Act of May 13, 1927, P. L. 1008.

11. The word "create" means bringing into existence something which did not exist.

12. It seems that the Act of May 13, 1927, P. L. 1008, abolished the election of poor directors in those districts which were not county unit districts prior to the Act of 1925.

Argued May 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, ·SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 207, Jan. T., 1928, by appellants, from judgment of C. P. Schuylkill Co., March T., 1928, No. 467, of ouster, in case of Commonwealth ex rel. William A. Womer et al. v. Frank C. Reese et al. Reversed.

Quo warranto to determine title to office of poor directors. Before KOCH, P. J.

The opinion of the Supreme Court states the facts.

Judgment of ouster. Defendants appealed.

*Error assigned* was judgment, quoting record.

*H. O. Bechtel* and *R. A. Freiler,* for appellants.—The Act of 1925 is constitutional: Marysville Water Co. v. Ry., 13 Pa. Dist. R. 365; Com. v. Bell, 88 Pa. Superior Ct. 216; Harris v. County Commrs., 30 Pa. Dist. R. 834; Com. v. Kebort, 212 Pa. 289; Com. ex rel. v. Boro., 272 Pa. 189.

It cannot be seriously contended that Schuylkill County was actually created a new poor district when it had been a county unit since 1831: Com. v. Wyman, 137 Pa. 508.

Since only those provisions of the Act of 1925 which are inconsistent are to be superseded, the section is a distinct recognition that those not inconsistent are to remain in force: Keller v. Staley, 78 Pa. Superior Ct. 184; Provident L. & T. Co. v. Klemmer, 257 Pa. 91; Com. ex rel. v. DeCamp, 177 Pa. 112; Graham v. Phila., 288 Pa. 152; Com. v. Ruggles, 280 Pa. 568.

*Charles E. Berger,* with him *Henry Houck,* for appellees.—The General Poor Relief Act of 1925 is constitutional: Com. v. Humphrey, 288 Pa. 280; Com. v. Snyder, 279 Pa. 234; Bagley v. Cameron, 282 Pa. 84.

The General Poor Relief Act is applicable to Schuylkill County.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1928:

Who are entitled to hold the office of poor directors in the County of Schuylkill is to be determined on this appeal. To arrive at the solution of the problem appellants say we must decide (1) whether the General Poor Relief Act of May 14, 1925, P. L. 762, is constitutional; (2) if it is, does this code impliedly repeal the local Act of June 12, 1907, P. L. 529.

The constitutional attack is laid upon a single ground, that the title of the statute violates article III, section 3, of our fundamental law, because it does not "clearly" express the subject-matter of the enactment, and is misleading. This is the title, "An act concerning poor relief and the creation and government of poor districts and the administration of the same in all counties of the Commonwealth, except in counties of the first and second class; and revising, amending, consolidating and changing the law relating thereto." It is argued that because certain counties, other than those of the first and second class, are excepted out of the operation of the law and because others have been by subsequent statute (Act March 24, 1927, P. L. 63) and no notice is given by the title of such exceptions, it misleads. What was done subsequently, of course, could have no effect upon the validity of the act and as the title covers all counties save the two classes excepted, those taken out of its provisions are pointed to just as much as those included. The title gives explicit notice that all laws governing poor districts may be affected by the act. Schuylkill County is not one of the counties specified in the body of the act which are excluded from its operation, and

therefore is not affected by these provisions and hence cannot challenge the constitutionality of the law on this ground: Gentile v. Phila. & Reading Ry. Co., 274 Pa. 335, 340; Com. v. Alderman, 275 Pa. 485, 487; Com. v. Haldeman, 288 Pa. 81, 83. We conclude that the act is not out of line with the Constitution.

We now come to a more difficult question. In the election of poor directors does the act apply to Schuylkill County or does their election continue to be regulated by the local Act of June 12, 1907, P. L. 529, under which poor directors have heretofore been chosen in that county. There is no express repeal of the local act; if it is wiped out by the 1925 statute it is by implication. "A general statute does not repeal a local statute by mere implication": Graham v. Phila., 288 Pa. 152; Com. ex rel. Schrier v. Ruggles, 280 Pa. 568. The general statute, moreover, in section 8 says, "The provisions in this act shall supersede and prevail over any previous enactments, ordinances, regulations and rules found to be inconsistent or incompatible herewith." This is an explicit recognition that those not inconsistent are to remain in force. The court below, after considering section 8 of the 1925 Act, went through the several sections respecting elections and came to the conclusion that certain sections of the enactment applied to Schuylkill County because the provisions thereof differed from the local acts and that certain sections had no such application. Pursing this method, the court, in our opinion, lost sight of the broader and more vital question as to whether the general act was really intended to affect the local law at all.

A brief recital of what led up to the passage of the Act of 1925 may be helpful in reaching a conclusion on the question before us. The poor laws of the Commonwealth were scattered through the books and were in confusion. There were 583 poor districts in the State, 44 of them were county unit districts. A commission was appointed, as a result of legislation passed in 1921,

which was continued in 1923, whose study of the subject brought into being the Act of 1925. The commission recommended the adoption of the county unit system throughout the Commonwealth and the doing away with the smaller districts. This was the main purpose to be achieved.

Schuylkill County was created a poor district by the Act of April 4, 1831, P. L. 422. It was therefore already a county unit district at the time of the passage of the Act of 1925; there were, as stated before, 44 such county unit districts. With this the situation, the legislature had to deal, and its desire and purpose being to bring the whole State under the county unit system, it provided in the act the method of choosing poor directors. A reading of the statute shows that it was not the intention of the legislature to disturb the existing county unit districts. It provides in section 3 that its provisions, so far as they are the same as those of existing laws, are intended as a continuance thereof and not as new enactments.

When the act comes to deal with the election of directors it provides, in section 300, that, in the class of districts to which Schuylkill County belongs, and in all other districts "except where a different number now prevails," the number shall be three. In Lancaster County by local law the number was fixed at six. In this section, therefore, we find evidence of an intent not to disturb conditions in the county unit districts. Section 301 (and it is the section in which this controversy centers) reads, "Election in *newly* created districts. At the first municipal election in a district *newly created* under this act one director shall be elected for two years and two directors for four years." The local Act of June 12, 1907, P. L. 529, provides that in Schuylkill County three directors shall be elected but that each elector shall vote for no more than two, thus insuring minority representation. It was under this act that the two defendants were elected in November, 1927, the county

commissioners in making up the ballot with its instructions to voters concluding that the Act of 1907 and not that of 1925 governed the election of directors. The third director was already in office and was reëlected so that no question arises as to him. The two relators were likewise incumbents of the office and claim that, as the election was not carried on under the Act of 1925 but under that of 1907, which they contend had been repealed and hence no legal election held, they being county officers hold over and are entitled to the office and in this proceeding seek to oust defendants therefrom. The court below, Judge WHITEHOUSE dissenting, adopted relators' view of the law and entered judgment of ouster against defendants, from which they appeal.

The real question is whether Schuylkill County is a *newly* created district under section 301 of the act. If it is not, then the election under the Act of 1907 was legal. The position of appellee's learned counsel in effect is that all the poor districts are newly created under the Act of 1925. We think this not at all true. The districts which were county units before the passage of the act had a method of choosing their directors, whereas those which were not county units theretofore would be without accurate legal guide to choose theirs upon being created county districts, unless this act creating them provided the method, hence the reason for the words "newly created districts." Schuylkill County had been "created" a district by the Act of 1831. Under section 215 of the Act of 1925, local poor districts in the various counties are abolished and the entire county became a district. These were the newly created districts. As aiding this construction and evidencing most clearly the legislative intent, there is an amendment to the Act of 1925, approved May 13, 1927 (P. L. 1008), which says "Any county poor district existing prior to the passage of this act shall constitute the county poor district created by this act." "The word 'create' has a clear, well settled and well understood significance and means to

bring into existence something which did not exist": Words & Phrases, vol. 2, p. 1708. The Act of April 7, 1927, P. L. 148, which amends section 300 of the Act of 1925, provides, "where county poor districts were first created under this act as county poor districts, the county commissioners shall be ex officio directors of the poor." It is not suggested that Schuylkill County is embraced within this language and yet, if appellee's contention is to prevail, it would be difficult to point out the difference between "newly created" and "first created." Indeed, the court below concedes the expressions are synonymous. It would seem that the amendment of 1927 abolishes the election of poor directors in those districts which were not county unit districts prior to 1925.

Appellees base their position that the Schuylkill County poor district is a newly created one on the change of its name and the enlargement of its administrative powers by the Act of 1925, but we think this was not what the legislature meant by the term "newly created." It meant those county-units which for the first time were called into being by the act. This being so, the Act of 1925 does not cover the election of directors in Schuylkill County and their election in that district is regulated by the Act of 1907 under which defendants were properly chosen.

The judgment of ouster entered against defendants is reversed and set aside, costs to be paid by the relators.